CONNOR v. JOHNSON.

1. REAL PROPERTY.—In locating land lines the usual rule is that the adjacent boundary controls in preference to course and distances on the plat.
2. IBID.—COLOR OF TITLE.—CHARGE as to color of title harmless error.
3. IBID.—IBID.—Doctrine of possession of land by color of title correctly stated in charge.
4. CHARGE.—Reading the boundaries called for in a deed, and saying claimant could go up to them, is not a charge on the facts.
5. IBID.—Judge did not say that plaintiff's deed covered the land, and that defendant's deed did not.
6. CHARGE.—Jury was not instructed that defendant was trying to re-model his deed.
7. EXCEPTION too general.

Before ALDRICH, J., Spartanbery, December, 1897.   Reversed.

Action for damages, *quare clausum fregit*, by Harriet J. Connor *v.* Crede F. Johnson.   Judgment for plaintiff, defendant appeals.

*Messrs. Nichols & Jones*, for appellant, cite: *The boundary line of an adjacent land owner called for on the plat*, *controls courses and distances thereon:* 1 McC., 232; 3 McC., 223; Harp., 454; 2 Brev., 442; Rice, 373; 14 S. C., 553. *Marks and trees and corners control course and distance:* 1 Brev., 545; 2 Bail., 81; 2 Bay, 515. *Defendant in possession:* 1 Mill's Con. R., 97; 3 McC., 260; 16 S. C., 464; 17 S. C., 140. *Plaintiff not in possession for purposes of this action:* 1 Bail., 303; 1 McC., 586; Rice, 375; Dud., 344; 3 S. C., 34; 14 S. C., 542; 22 S. C., 361.

*Messrs. Dunean & Sanders*, contra (oral argument).

July 30, 1898.  The opinion of the Court was delivered by MR. JUSTICE GARY.   This action arose out of a dispute as to the boundary line between two tracts of land.   The

complaint alleges that the plaintiff is now, and was at the times hereinafter mentioned, in the possession of the tract of land therein described, under a paper title; that at various times before the commencement of this action, the defendant entered upon said land unlawfully and without her consent, and committed certain acts of trespass therein mentioned, to her damage $250. The defendant denied the allegations of the complaint, and alleged that he was the owner of the land. The case was tried before his Honor, Judge Aldrich, and a jury. The jury rendered a verdict in favor of the plaintiff for $100, and the defendant appealed upon exceptions, of which the first is as follows: Because his Honor erred: "1. In charging the jury that in locating lines, the courses and distances and plats control the marks and marked trees in the field; whereas, the law is that the recognized boundaries in the field control the false representation thereof on the plat." This exception seems to have been taken under a misapprehension, as we have failed to find in the case where his Honor so charged.

The second exception complains of error on the part of the presiding Judge, as follows: "2. In charging the jury that courses and distances on the plat control as against the boundary of an adjacent landowner called for on said plat; whereas, the law is that the courses and distances on the plat must be made to conform to such established boundaries of adjacent landowners." The deed under which the defendant claimed referred to the plat, which was attached to it, and the presiding Judge charged correctly that the plat thereby became a part of the deed. *State* v. *Crocker*, 49 S. C., 242. In the case of *Thompson* v. *Brannon*, 14 S. C., 542, the Court says: "In locating lands the following rules are resorted to, and generally in the order stated: 1. Natural boundaries. 2. Artificial marks. 3. Adjacent boundaries; and 4. Courses and distance. *Fullward* v. *Graham*, 1 Rich., 491. See, also, the cases of *Bradford* v. *Pitts*, 2 Mill's Const. R., 115; *Starke* v. *Johnson*, 2 McC., 9." It is true, that under peculiar

circumstances, as in the cases of *Evans* v. *Weeks,* 6 Rich., 83, and *Evans* v. *Corley,* 8 Rich., 315, courses and distance may prevail over higher rules of location, but no such circumstances exist in this case. On the contrary, the defendant contends that the courses and distance on said plat are incorrectly represented, which fact renders the necessity greater for adhering to the general rule in this case. This exception is sustained.

The third exception alleges error on the part of the Circuit Judge as follows: "3. In charging the jury that one cannot be said to be in possession of land unless he is in actual possession, or by a deed or plat the boundaries of which cover such land; whereas, this does not constitute the only color of title under which one may claim." The defendant testified that he held the land under the deed and plat which he introduced in evidence, and that he had no other title to the land; so that, even if there was error, it was harmless.

The fourth exception complains of error as follows: "4. In charging the jury that the defendant's possession must go no further than his 'paper title or color of title;' whereas, in law and in fact the possession of the defendant controlled the whole of the Brown tract down to the Bush line." This exception is disposed of by what was said in considering the third exception.

The fifth exception submits that the presiding Judge was in error as follows: "5. In charging the jury that one holding land only under color of title can maintain an action of trespass, *quare clausum fregit,* against any one who has no title to the land; whereas, the law is that he *cannot* maintain an action *quare clausum fregit,* against one, if he is in possession, although he has no title." His Honor charged the plaintiff's fourth request, which is as follows: "4. Where one has a deed covering a tract of land, and is living on such land, such person has color of title to all the land covered by his deed, and is entitled to the use and occupation of this land against any

one who has no title to the same." This states correctly the general proposition of law, and if the defendant desired a more specific charge, it was incumbent on him to present requests to that effect.

The sixth exception alleges error as follows: "6. In stating the testimony and charging on the facts when he read to the jury the boundaries as called for by the deed which the plaintiff had put in evidence, and in charging the jury that the plaintiff could go up to those boundaries." The presiding Judge said to the jury: "You have a right then to refer to that plat. Well, when you refer to your plat and your deed, your boundaries and all, and you get all the land that the deed proper and the plat annexed and all calls for, that exhausts your title to the land, and it also exhausts your color of title to the land outside of it. One of the questions for you, gentlemen, to ask is: Does this deed of Cantrell to Mrs. Connor include this land that is in dispute? You have heard me read the deed and its calling for boundaries and so on. Now, when land calls for certain boundaries, either in the deed itself or by reference to a plat, as I have explained to you, the owner may go up to those boundaries because the deed calls for them." In this there was no error.

The seventh exception alleges error as follows: "7. In stating a part of the evidence of plaintiff's boundaries as contained in his deed and plat, but omitting the fact that the Bush line was called for as the southern boundary, and in charging the jury that the defendant could not go beyond the description in said deed and plat; and in asking the jury, 'Has the plaintiff shown that she has got a paper title to that land in dispute, or has the defendant got it?' Charging the jury that the plaintiff's deed covered it and she could claim it; and intimating to the jury and leading them to infer that the defendant's paper did not cover it and he could not claim it." An examination of the case fails to disclose that the presiding Judge charged that the plaintiff's deed covered the land in dispute

and that she could claim it; or that he intimated to the jury or led them to infer that the defendant's paper did not cover it.

The eighth exception submits error on the part of the presiding Judge as follows: "8. In charging on the facts that the defendant's possession went no further than the limits of his paper title, when the defendant had sworn that he was put in possession of the disputed land three years before the plat was made, and independent of it, and was still in possession of it." This exception is disposed of by what was said in considering the third exception.

The ninth exception complains of error as follows: "9. In charging the jury as a fact that the defendant was trying in this case to remodel his deed, and could not do so; when he was trying only to make the lines conform to the true lines of the survey." His Honor, in his charge, says: "Again, it might be that in the deed a certain boundary would be called for, and a reference made in the deed to a plat also, and by reference to the plat, you would see that the boundary called for in the deed was an error, and that the plat was the correct delineation of the land. Well, if it was apparent and plain and patent in that case that a mistake or inadvertence had been committed, you would correct it by the data the deed gave you. But, remember now, there is a difference in finding the truth, ascertaining the truth from the data contained in the deed or its reference—a very great difference between that and when you undertake to remodel a deed, because neither the Court nor the jury have got a right in such a case as this to make a deed. We have got nothing to do with whether it was right, or whether it should be modified or remodeled, made over. We have got to take the deed as it stands before us and decide according to that." It will thus be seen that there is no foundation for this exception.

The tenth exception alleges the following error: "10. In charging as the law applicable to this case, in regard to possession and boundaries, principles of law which

are correct in an action between grantor and grantee, but which are not correct when there is no dispute between them on the said issues of boundary and possession which are raised by a stranger who has no legal title to any of the land." This exception is too general for consideration.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.